WILLIAMS, Judge.
LThe defendants, Brookshire Grocery Company d/b/a Super One Fo.ods (“Super One”) and Hartford Insurance Company, appeal a judgment in favor of the plaintiff, Michael Allen, Sr., individually and on behalf of the minor, Sedric Young. The trial court awarded general damages of $4,750 and medical expenses of $297 for injuries sustained by Young in a slip and fall. For the following reasons, we affirm.
FACTS
After finishing work on Friday evening, December 14, 2001, Michael Allen, Sr. went shopping with two of his sons, Michael Allen, Jr. and Sedric Young, at a Super One store in Monroe, Louisiana. The two boys walked to the frozen food aisle to get ice cream. While walking in the aisle, Sedric slipped in a liquid substance on the floor and fell, landing on his hip. Allen reported the accident to a cashier and a store manager before leaving.
The next morning, Sedric said that his hip was still hurting and Allen took him to the emergency room at St. Francis Medical Center. In his physical examination, Dr. Robert Kerry observed that Sedric, who was eleven years old, walked with a slight limp, but noted that his hip displayed a full range of motion and that the x-rays were normal. Dr. Kerry diagnosed Sedric with a contusion and swelling of his left hip and restricted him from participating in sports or physical education for one week. Sedric did not receive any further treatment for the injury.
Subsequently, the plaintiff, Michael Allen, Sr., individually and on behalf of the minor, Sedric Young, filed a petition for damages against the defendants, Super One and its insurer, Hartford Insurance Company. After |2a trial, the court rendered judgment awarding plaintiff general damages of $4,750 and medical expenses of $297. Defendants appeal the judgment.
DISCUSSION
The defendants contend the trial court abused its discretion by awarding excessive general damages. Defendants argue that the award of $4,750.00 is abusively high for the hip injury of an 11-year-old boy who slipped and fell in a puddle of liquid at a supermarket.
In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury. LSA— C.C. art. .2324.1. Before an appellate court can question a trial court’s award of damages as excessive, the appellate court must first look, not at prior awards, but at the individual circumstances of the case. The discretion vested in the trier of fact is great, and even vast, so that an appellate court should rarely disturb an award of general dam *695 ages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
Reasonable persons frequently disagree about the measure of general damages in a particular case. Only when an award is beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances should an appellate court increase or reduce the award. Youn, supra.
Whether an award is excessive depends upon whether the amount can be supported under the interpretation of the evidence most favorable to the plaintiff that reasonably could have been made by the trier of fact. To be an |3abuse of discretion and excessive, an award must be so high in proportion to the seriousness of the injury that it shocks the conscience. Jones v. Super One Foods/Brookshires Grocery Co., 33,683 (La.App.2d Cir.8/23/00), 774 So.2d 200.
In the present case, Sedric testified that his leg and hip hurt during the evening after his fall and that he still felt pain the following morning when he was taken to the hospital. The medical records indicate a diagnosis of contusion and soft tissue swelling of the hip. Dr. Kerry instructed Sedric to take two ibuprofen every six hours and to apply ice compresses four times a day for 15 minutes. Dr. Kerry restricted Sedric from playing sports and participating in physical education for one week. The total medical expenses were $297.
Sedric stated that the medical restriction meant he could not lift weights or play basketball with his school team. Sedric testified that when he resumed playing sports, he was unable to fully participate in the weight training program or to play basketball at “full speed” before the end of January. Sedric added that when he began lifting weights again, he “couldn’t lift what I was lifting at first” and that he did not play basketball for about one month, apparently referring to the Christmas break plus the week after school was back in session. Sedric stated that his pain lasted approximately one month and that he did not miss any school as a result of the injury.
In his deposition, Michael, Jr. testified that he saw Sedric fall and that his hip hit the floor first. Michael stated that after the fall, Sedric told their Rfather that his hip and leg hurt. Michael testified that afterward Sedric was holding his hip and he seemed to be in some pain.
The trial court heard the testimony, weighed the credibility of the witnesses and considered the medical report. Based upon the evidence presented, the trial court could reasonably have found that this eleven-year-old child sustained a soft tissue injury that caused him pain and limited his activities for approximately one month.
The role of the appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but to review the exercise of discretion by the trier of fact. Although the award of general damages in this case is at the upper end of the range of appropriate awards, it does not exceed the highest amount reasonably within the trial court’s broad discretion in assessing damages. Accordingly, after reviewing the record, we cannot say the general damages award is abusively high. Thus, the assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this *696 appeal are assessed to the appellants, Brookshire Grocery Company d/b/a Super One Foods and Hartford Insurance Company.
AFFIRMED.